UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL LORUSSO,

    Plaintiff,

v.                                              Case No. 3:24cv80-LC-HTC

RICKY D. DIXON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Michael LoRusso, proceeding *pro se*, initiated this action by filing a nonsensical document he titled a "Petition for Writ of Habeas Corpus", Doc. 1, which the Court reviewed and determined was deficient as a habeas petition. Doc. 3. The Court directed the clerk to redesignate the case as a civil rights case under 42 U.S.C. § 1983 and allowed LoRusso to attempt to file an amended complaint and a motion to proceed *in forma pauperis* or, alternatively, to pay the full filing fee. *Id.*

On or about March 14, 2024, LoRusso filed an amended complaint seeking to assert claims under 42 U.S.C. § 1983, Doc. 4, and a motion to proceed *in forma pauperis*, Doc. 5. After reviewing the amended complaint, the Court finds this case should be dismissed under 28 U.S.C. § 1915(g), because Plaintiff is a three-striker barred from proceeding *in forma* pauperis who failed to pay the filing fee upon

initiating this action and who has also failed to truthfully disclose his litigation history.

## I.     THREE-STRIKER STATUS

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* ("IFP") under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding IFP must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).  The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

LoRusso is clearly a three-striker. Various federal courts (including all three Florida districts) have documented his litigious history and conclusively determined he qualifies as a "three-striker" under § 1915(g). *See, e.g.*, *LoRusso v. Gualteni*, No. 22-CV-421-MW-MAF, 2022 WL 18103301, at *1 (N.D. Fla. Dec. 2, 2022) (describing Plaintiff's history of filing frivolous lawsuits in the Middle District of Florida, Northern District of Florida, Middle District of Georgia, and Northern District of Alabama), *report and recommendation adopted*, 2023 WL 359504 (N.D. Fla. Jan. 23, 2023); *LoRusso v. Desantis*, No. 4:23-cv-43-WS-MAF (N.D. Fla. May 5, 2023; *LoRusso v. Judd*, No. 22-CV-2954, 2023 WL 23078, at *1 (M.D. Fla. Jan. 3, 2023) ("Plaintiff has at least three prior cases that count as 'strikes' because they were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted."); *LoRusso v. Att'y Gen.*, No. 22-CV-1045, 2022 WL 2870475, at *1 (M.D. Fla. July 21, 2022) ("Plaintiff's prior cases [were] dismissed as either frivolous, malicious, or for failure to state a claim . . . . [H]e has had three prior dismissals that qualify under Section 1915(g)."); *LoRusso v. DeSantis*, 23-CV-20993-RAR (S.D. Fla. March 15, 2023) ("Plaintiff qualifies as a 'three-striker' based on his lengthy history of meritless, frivolous, and/or malicious lawsuits.").

Moreover, LoRusso does not allege he is in imminent danger of serious physical injury. Instead, his amended complaint centers around an alleged false affidavit filed by a mental health expert in a federal case containing "a fake diagnosis

Case No. 3:24cv80-LC-HTC

of delusional disorder and schizophrenia" suffered by LoRusso.  Doc. 4 at 5-6. Because LoRusso's allegations do not show he is in imminent danger of serious physical injury, he is precluded from proceeding IFP and his amended complaint should be dismissed under § 1915(g) for failing to pay the filing fee with the initiation of this action.  *See Dupree*, 284 F.3d at 1236.

## II.   FAILURE TO DISCLOSE

As an additional and independent basis for dismissal, LoRusso also failed to truthfully disclose his litigation history on the complaint form he submitted to the Court.  That form asked him to identify any federal cases "in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service."  *See* Doc. 4 at 9.  Although he disclosed case No. 8:22-cv-2258-MSS-TGW from the Middle District, he failed to disclose any of the cases listed above, or the cases cited by those courts that were considered strikes or which were dismissed prior to service.

Also, LoRusso was asked to disclose all other lawsuits in "state or federal court either challenging your conviction or relating to the conditions of your confinement."  Doc. 4 at 10-11.  He checked the box indicating he had no such cases. This was plainly false.  A review of the dockets of the Middle District of Florida show that he filed at least forty-eight (48) federal lawsuits challenging his conviction or relating to the conditions of his confinement; in the Southern District of Florida

he filed at least three (3); in the Northern District of Florida he filed at least three (3); in the Middle District of Georgia he filed nine (9); in the Northern District of Georgia he filed at least our (4).

Despite these omissions, LoRusso certified, "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 12. LoRusso's failure to truthfully disclose his complete litigation history is a malicious abuse of the judicial process which warrants dismissal. *See, e.g.*, *Ealy v. CCA*, 5:15-cv-305-MMP-EMT, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). As stated in an order of dismissal for failure to disclose by one of this District's judges, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch, et al.*, No. 4:19cv191-RH-HTC, Doc. 52 at 1–2 (N.D. Fla. June 7, 2020).

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis*, Doc. 5, is DENIED.

It is further RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as frivolous and malicious because LoRusso knows he is a three-striker who must pay the full filing fee and failed to do so and, also, because LoRusso failed to truthfully disclose his litigation history.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 20th day of March, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.